UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA *ex rel.* Stephanie Schweizer and Nancy Vee, | : : : | Civil Action No: 06-0648 (RCL) |
| Plaintiffs-Relators, | : | Judge Royce C. Lamberth |
| v. | : : : | |
| OCE, N.V., OCE NORTH AMERICA, OCE IMAGISTICS, and OCE-USA HOLDINGS, INC., | : : : : | |
| Defendants | : | |

**PLAINTIFFS-RELATORS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO VACATE COURT'S ORDER OF JUNE 18, 2008 GRANTING PLAINTIFFS' MOTION TO EXTEND THE TIME FOR SERVING OCE, N.V.**

Plaintiffs-Relators, by and through their counsel, respectfully file this Opposition to Defendants' Motion to Vacate the Court's Order of June 18, 2008 Granting Plaintiffs' Motion to Extend the Time for Serving Oce, N.V. In support thereof, Plaintiffs-Relators assert as follows:

**FACTUAL BACKGROUND**

On April 7, 2006, Plaintiffs-Relators filed their initial Complaint in this action, alleging that Defendants Oce, N.V., Oce, North America, Oce, Imagistics and Oce-USA Holding, knowingly submitted false claims to the U.S. government, in violation of the

False Claims Act, 31 U.S.C. §§ 3729, *et seq.*[1] Pursuant to 31 U.S.C. § 3730(b)(2), Plaintiffs-Relators filed their Complaint under seal.

On June 2, 2008, this Court Ordered that the Complaint be unsealed and served upon the Defendants in this matter by June 17, 2008. Shortly thereafter, counsel for Plaintiffs-Relators contacted counsel for Defendants to inquire as to whether they would agree to waive service of the Complaint. Defense counsel agreed to waive service for three of the Defendants but would not waive service for Defendant Oce, N.V.

At the suggestion of defense counsel, counsel for Plaintiffs-Relators agreed to engage in discussions with defense counsel regarding whether Oce, N.V. is a necessary party. If the parties were to agree that Oce, N.V. is not necessary, Plaintiffs-Realtors might agree to dismiss the company as a defendant.

As of June 17, 2008, discussions between the parties regarding whether and how to effectuate service upon Defendant Oce, N.V. were still ongoing. Accordingly, on that date, counsel for Plaintiffs-Relators filed a Motion to Extend the Time for Serving Oce, N.V. On June 18, 2008, the Court granted Plaintiffs-Relators' motion. On June 23, 2008, counsel for Oce, N.V. filed a motion to vacate the Court's order granting Plaintiffs' their requested extension.

**ARGUMENT**

Counsel for Oce, N.V. contends, *inter alia*, that (1) defense counsel did not agree to the filing of the motion, and (2) Plaintiffs-Relators have failed to demonstrate good

---

[1] On December 21, 2006, Plaintiffs-Relators filed a Motion to Amend the Complaint, along with an Amended Complaint. On December 22, 2006, the Court granted that motion.

cause for extending the time within which they must serve the company.  Both arguments are without merit.

Defendants' filing of a Motion to Vacate comes much to the surprise of Plaintiffs' counsel.  As set forth above, Plaintiffs filed their motion requesting an extension of time to serve Defendant Oce, N.V. *upon the suggestion of defense counsel* that the parties consider whether the company is a necessary party.  Given this, and given that the parties were still engaged in discussions at the time Plaintiffs had been ordered to serve all Defendants, Plaintiff filed a motion for an extension of time within which to effectuate service.  Defendant's contention that Plaintiffs improperly styled their motion as a consent motion is thus disingenuous in itself.

Moreover, given Defendant's refusal to consent to waiver of service, there is now an independent basis for granting Plaintiffs extension of time within which to serve Oce, N.V.  Oce, N.V. is located in Venlo, the Netherlands.  Accordingly, Plaintiffs can not effectuate service here in the united States; rather it must abide by the terms of the Hague convention, or the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (1965).

Plaintiffs have contacted an overseas process server, who estimates that such service would require approximately three months.  Because Plaintiffs-Relators would have been unable to serve Oce, N.V. by June 17, 2008 regardless of whether Defendant consented to an extension, Plaintiffs have good cause for requesting an extension of time.[2]

---

[2]  Defendants cite Fed. R. Civ. P. 4(m) for the proposition that Plaintiffs-Relators have failed to demonstrate "good cause" for granting additional time for serving Oce, N.V. Rule 4(m) concerns the time a plaintiff has to serve the complaint  and provides that the

**CONCLUSION**

For the reasons set forth above, Plaintiffs-Relators' request that the Court DENY Defendant's motion to Vacate Court's Order of June 18, 2008 Granting Plaintiffs' Motion to Extend the Time for Serving Oce, N.V.


Date:   July 9, 2008                           RESPECTFULLY SUBMITTED,

                                               _____/s/ H. Vincent McKnight
                                               H. Vincent McKnight, Jr.
                                               D.C. Bar No. 293811
                                               **ASCHRAFT & GEREL, LLP**
                                               2000 L Street, N.W., Suite 400
                                               Washington, D.C. 20036
                                               (202) 783-6400

                                               ___/s David  Sanford_____
                                               David Sanford
                                               D.C. Bar No. 457933
                                               **SANFORD WITTELS & HEISLER, LLP**
                                               1666 Connecticut Ave., N.W. Suite 310
                                               Washington, D.C. 20009
                                               (202) 742-7780

---

court may grant additional time for service upon a showing of "good cause."  By its terms, Rule 4(m) does not apply to defendants located in a foreign country.  Fed. R. Civ. P. 4(m) ("This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1)."). Moreover, the Rule is inapplicable in the context of this *qui tam* action, where the Court has set its own schedule regarding service of the complaint, and where the complaint has, until recently, remained sealed. See 31 U.S.C.S. § 3730(b)(2) (2008) ("The complaint . . . shall not be served on the defendant until the court so orders.").

4

# CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Opposition to Defendants' Motion to Vacate the Court's Order of June 18, 2008 Granting Plaintiffs' Motion to Extend the Time for Serving Oce, N.V. was served electronically via the Court's CM-ECF system and by first-class U.S. Mail, on July 9, 2008 on the following:

Laurie Weinstein, Esq.
United States Attorney
555 4th Street, N.W.
Washington, D.C.  20001

Michael Mukasey, Esq.
United States Attorney General
U.S. Department of Justice
950 Pennsylvania Ave., N.W.
Washington, D.C.  20530

Jason Matechak, Esq.
Kathleen, McGuan, Esq.
Reed, Smith, LLP
1301 K Street, N.W.
Washington, D.C.  20001

                                                 ____/s/ _H. Vincent McKnight__
                                                  H. Vincent McKnight