**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

UNITED STATES *ex rel.* SCHWEIZER,     )
*et al.*,                                                      )
                                                                )
                    Plaintiffs,                          )
                                                                )
v.                                                              )          Civil Action No:  1:06-CV-00648
                                                                )          Judge Royce C. Lamberth
OCÉ NORTH AMERICA, *et al.*,             )
                                                                )
                                                                )
                    Defendants.                        )
                                                                )
_____)

**DEFENDANTS OCÉ NORTH AMERICA, OCÉ IMAGISTICS,**
**AND OCÉ-USA HOLDINGS, INC.'S REPLY TO RELATORS' JULY 9, 2008**
**MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO VACATE**

Defendants Océ North America, Océ Imagistics, and Océ-USA Holdings, Inc. ("Defendants" or "Océ") by and through their undersigned counsel hereby reply to the Relators' July 9, 2008 Memorandum in Opposition ("Opposition") to Defendants' Motion to Vacate the Court's Order of June 18, 2008 ("Motion to Vacate").  First, the Relators' Opposition is not timely and, therefore, the Defendants respectfully submit that the Court should treat the underlying Motion as conceded.  Second, the Relators' Opposition lacks merit because it discusses matters that are neither germane to the Defendants' Motion to Vacate nor relevant to the Relators' original request for additional time.

**I.        RELATORS' OPPOSITION IS UNTIMELY**

Defendants filed their Motion to Vacate on June 23, 2008.  Therefore, the Relators' Opposition was due on July 7, 2008.  *See* L. Civ. R. 7(b) ("Within 11 days of service or at such other time as the Court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion.  If such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded.").  As Relators filed – without

- 1 -

leave of this Court – on July 9, 2008, their Opposition is untimely.  Following Local Civil Rule 7(b), it is appropriate for the Court to treat Defendants' Motion to Vacate as conceded.

## II.     RELATORS' OPPOSITION IS NOT RESPONSIVE TO THE UNDERLYING MATTER

In addition to being untimely, nothing in Relators' Opposition refutes the fact that Relators' couched their June 17, 2008 Motion as a "consent motion," when no consent was granted.   Further, Relators' Opposition is not germane to the underlying matter and thus should have no bearing on this Court's decision regarding Defendants' Motion.

First, the Relators suggest that counsel for the Defendants somehow encouraged Relators' counsel to seek an enlargement of time to gather information regarding the Netherlands-based Océ, N.V.  To the contrary, as explained in the Memorandum supporting Defendants' Motion to Vacate, counsel for the Defendants simply agreed to provide information in response to specific inquiries if it would assist Relators' counsel in analyzing whether Océ, N.V. is a proper party to this case or whether Océ, N.V. might voluntarily be dismissed.  *See* (Doc. No. 31, Exhibit A, Affidavit of Jason P. Matechak).  Relators' counsel has yet to make such inquiries since the June 12, 2008 discussion between counsel for Relators and counsel for the Defendants on the subject.

Second, Relators assert that there is now an independent basis for granting the extension of time to serve Océ, N.V based on "Defendant's refusal to consent to waiver of service."  There is nothing new about this purported basis in that Defendants advised Relators on June 12, 2008 that service of process would only be waived for the U.S.-based Defendants named in the Complaint, but not Netherlands-based Océ, N.V.

Third, the Relators assert in their Opposition that the Court's Order granting an enlargement of time "for Serving Océ, N.V." was proper, in part, because serving Océ, N.V. "would require approximately three months."   Moreover, Relators claim to have learned this

information because they have "contacted an overseas process server."  Although it is unclear from the Relators' Opposition just when this contact with an overseas process server took place, it is clear that Relators could have considered this issue since April 2006 – when the initial Complaint was filed.  Nonetheless, this fact is not relevant to the underlying Motion for Enlargement of Time (Doc. No. 28).  That underlying motion was filed, purportedly, to allow the Relators additional time to determine whether Océ, N.V. is a proper party to this case not to allow Relators to serve Océ, N.V., rather than to provide additional time to actually complete service.

Thus, nothing in Relators' Opposition establishes good cause for enlarging the time to determine whether Océ, N.V. is a proper party to this case.

## III.    <u>CONCLUSION</u>

For the reasons stated above, Defendants respectfully request that the Court grant their June 23, 2008 Motion and vacate the Court's June 18, 2008 Order.

Respectfully submitted,

Dated:  July 9, 2008                    REED SMITH LLP


  /s/Kathleen L. McGuan
Kathleen L. McGuan D.C. Bar No. 358359
Steven D. Tibbets, D.C. Bar No. 495132
1301 K Street, N.W.
Suite 1100 – East Tower
Washington, D.C. 20005
Telephone:  (202) 414-9353
Email: kmcguan@reedsmith.com
Email: stibbets@reedsmith.com
Fax:  (202) 414-9299

*Counsel for Defendants Océ North America,*
*Océ Imagistics, and Océ-USA Holding, Inc.*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing DEFENDANTS' REPLY

TO RELATORS' OPPOSITION TO DEFENDANTS' MOTION TO VACATE was served by

electronic mail via the Court's Electronic Case Filing System on July 9, 2008, on the following:

> Laurie Weinstein, Esq.
> United States Attorney
> 555 4th Street, N.W.
> Washington, D.C.  20001
>
> H. Vincent McKnight, Jr., Esq.
> ASHCRAFT & GEREL
> 2000 L Street, N.W.
> Suite 400
> Washington, D.C.  20036
>
> David W. Sanford, Esq.
> SANFORD, WITTELS & HEISLER, LLP
> 2121 K Street, N.W.
> Suite 700
> Washington, D.C.  20037

_____/s/ Steven D. Tibbets_____
Steven D. Tibbets, D.C. Bar No. 49512