**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES *ex rel.* SCHWEIZER, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No:  1:06-CV-00648 |
| | ) | Judge Royce C. Lamberth |
| OCÉ NORTH AMERICA, *et al.*, | ) ) | |
| | ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

**DEFENDANTS OCÉ NORTH AMERICA, OCÉ IMAGISTICS,**
**AND OCÉ-USA HOLDINGS, INC.'S MOTION TO UNSEAL**
**DOCUMENTS FILED BY THE RELATORS IN THIS CASE**

Defendants Océ North America, Océ Imagistics, and Océ-USA Holdings, Inc. ("Defendants" or "Océ") by and through their undersigned counsel hereby move this Court to unseal all of the documents that have been filed by the Relators in this case. As discussed in the accompanying Memorandum of Points and Authorities, in the District of Columbia Circuit, there is a well-established presumption against sealing court records. The facts surrounding this case do not justify abrogating this presumption. Accordingly, this Motion is due to be granted for the reasons stated in the accompanying Memorandum.

Pursuant to Local Civil Rule 7(m), on July 11, 2008, counsel for the Defendants, Kathleen H. McGuan, contacted counsel for the Relators, H. Vincent McKnight, by telephone and electronic mail to determine whether the Relators opposed this motion. Relators' counsel indicated that the Relators oppose this Motion. On July 14, 2008, counsel for the Defendants, Kathleen L. McGuan and Jason P. Matechak, contacted counsel for the United States, Meredith J. Burrell, by telephone. Counsel for the United States indicated that the United States would not consent to the Court's unsealing documents filed by the Relators in this case.

- 2 -

Pursuant to Local Civil Rule 7(f), Defendants hereby request a hearing to present oral argument in support of this Motion.

Respectfully submitted,

Dated:  July 16, 2008                     REED SMITH LLP

    /s/ Steven D. Tibbets_____
Kathleen H. McGuan D.C. Bar No. 358359
Steven D. Tibbets, D.C. Bar No. 495132
1301 K Street, N.W.
Suite 1100 – East Tower
Washington, D.C. 20005
Telephone:  (202) 414-9353
Email: kmcguan@reedsmith.com
Email: stibbets@reedsmith.com
Fax:  (202) 414-9299

*Counsel for Defendants Océ North America,
Océ Imagistics, and Océ-USA Holding, Inc.*

- 3 -

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing DEFENDANTS' MOTION

TO UNSEAL DOCUMENTS FILED BY THE RELATORS IN THIS CASE was served by

electronic mail via the Court's Electronic Case Filing System on July 16, 2008, on the following:

Laurie Weinstein, Esq.
United States Attorney
555 4th Street, N.W.
Washington, D.C.  20001

H. Vincent McKnight, Jr., Esq.
ASHCRAFT & GEREL
2000 L Street, N.W.
Suite 400
Washington, D.C.  20036

David W. Sanford, Esq.
SANFORD, WITTELS & HEISLER, LLP
2121 K Street, N.W.
Suite 700
Washington, D.C.  20037

_____/s/ Steven D. Tibbets_____
Steven D. Tibbets, D.C. Bar No. 495132

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES *ex rel.* SCHWEIZER, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No: 1:06-CV-00648 |
| | ) | Judge Royce C. Lamberth |
| OCÉ NORTH AMERICA, *et al.*, | ) ) | |
| | ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

**DEFENDANTS' OCÉ NORTH AMERICA, OCÉ IMAGISTICS, AND
OCÉ-USA HOLDINGS, INC.'S MEMORANDUM IN SUPPORT OF
MOTION TO UNSEAL DOCUMENTS FILED BY THE RELATORS IN THIS CASE**

Defendants Océ North America, Océ Imagistics, and Océ-USA Holdings (collectively, "Defendants" or "Océ") by and through their undersigned counsel hereby submit this Memorandum of Points and Authorities in support of their Motion to Unseal Documents Filed by the Relators in this Case.

## I.   PROCEDURAL BACKGROUND

On April 7, 2006, the Relators filed a Complaint against the Defendants, alleging violations of the False Claims Act ("FCA"), 31 U.S.C. § 3729 et seq. The Relators filed their Complaint under seal. The Relators filed their amended qui tam Complaint ("Amended Complaint") under seal on December 21, 2006. The Court subsequently granted the United States a number of extensions of time to decide whether to intervene in this case. On December 4, 2007, the Court issued an Order that set January 3, 2008 as the final deadline for the United States to decide whether to intervene.

On March 3, 2008, the United States filed a Notice that "It is not Intervening at This Time." Subsequently, on June 2, 2008, the Court ordered the Clerk of Court to unseal Relators' original complaint and ordered the Relators to serve the initial complaint on the Defendants by June 17, 2008.

## II. FACTUAL BACKGROUND

### A. The Defendants' Need for Sealed Materials

The Relators allege two general FCA violations. First, the Relators allege that the Defendants violated the FCA by selling products to Government agencies through a U.S. General Services Administration ("GSA")-administered sales program in violation of contract terms that prohibit the sale of products from countries that are not "designated" under the Trade Agreements Act, 19 U.S.C. § 2501 *et seq.* In other words, the Defendants' contract with the Government prohibits the Defendants from selling products made in certain countries to the Government, and the Relators allege that Defendants sold products made in such prohibited countries. Second, the Relators allege that a clause in the Defendants' contract with the Government required the Defendants to sell products to the Government on terms at least as favorable as those the Defendants offered to their private-sector customers. The Relators allege that the Defendants violated this clause, which is known as the "price reductions clause."

In accordance with the Court's Order, the Relators served their December 21, 2006 Amended Complaint on the Defendants on June 17, 2008. Along with the Amended Complaint, the Relators served exhibits numbered 21, 22, and 24. In addition, the Defendants obtained an electronic copy of the initial Complaint from the Court's Electronic Case Filing System on June 4, 2008, which included an attachment titled Relators' Statement of Stephanie Schweizer and Nancy Vee ("Relators' Statement" or "Statement"), which was filed by the Relators with this

Court.    According to the Amended Complaint and the Relators' Statement, the exhibits that remain under seal include the following:

> **Exhibit 1:**  A chart prepared by Relator Nancy Vee which purports to "show[] the disparity between prices paid by non-government customers and the GSA price for the same product."   The chart consists of six columns that purport to contrast the prices the Government allegedly was charged for particular models against the prices that private customers allegedly were charged.  Am. Compl. ¶¶ 40-42, 44-46.

> **Exhibit 2:**  A chart prepared by Ms. Vee that allegedly reflects prices of items that an Océ purportedly sold to a company called Progress Energy and prices of the same items that an Océ entity sold to the Government.  Am. Compl. ¶ 47.

> **Exhibit 3:**   A chart prepared by Ms. Vee based on "her review of defendants' documents" that "summariz[es] records from the Océ office in Florida," which allegedly shows "a significant gap between prices offered by Océ to non-government customers compared to the higher GSA schedule price."  Am. Compl. ¶ 48.

In addition to the exhibits expressly mentioned in the Amended Complaint, it appears that there may be up to 54 exhibits that relate either to the initial Complaint or to the Amended Complaint:

> **Exhibit 54:**  A "recent article" discussing the manufacture of printers and copiers.  (Doc. No. 1 at 58).

**Exhibit 4:**  A copy of a contract between one of the Defendants and the
GSA.  (Doc. No. 1 at 50).

**Exhibit 11:**    A document that purports to demonstrate how many Océ
products from a particular business unit one will find if one enters the
name of that business unit in a public search engine.  (Doc. No. 1 at 52).

**Exhibit 53:**  An "E-mail from Ronald Frost dated March 7, 2006," which
shows that Océ North America added "Imagistics" products to the list of
items it sold the Government.  (Doc. No. 1 at 53 n.4).

**Exhibits 13 and 16:**  Publicly-available documents that discuss the origins
of products sold by the companies Konica Minolta and Hewlett-Packard.
(Doc. No. 1 at 60).

The Exhibits the Relators have filed in support of the Complaint and their Statement form
the backbone of the False Claims Act violations alleged in the Complaint.  Without access to
these documents, the Defendants cannot fully assess the factual content of the very serious
offenses they have been accused of committing.  Nor can the Defendants adequately assess the
extent to which defenses may apply.  For example, the lone support for allegations of the
Complaint concerning violations of the price reductions clause are tables compiled by Relator
Nancy Vee based on information she took from Defendants' files.  Without access to these
compilations, the Defendants cannot determine whether these compilations are accurate or
whether, as Defendants' suspect is the case, the alleged False Claims Act violations are based on
a misunderstanding of what the price reductions clause requires of government contractors.
Similarly, several of the Exhibits appear to be published articles.  To the extent that the Relators'
allegations rely on publicly-available materials, the Relators' may not be "original sources" with

standing to bring False Claims Act claims.  The Defendants cannot assess the availability of the "original source" defense without access to these Exhibits.

In addition, the Court's docket reflects at least thirty-eight entries, to which the Defendants have access to only a few.  Without some information regarding the content of these docket entries, the Defendants can only speculate regarding the extent to which their ability to prepare their defense is hampered by the seal.  Fairness, and the authorities discussed below, dictate that unless a significant public or governmental interest outweighs the Defendants' interest in preparing their defense, the Court should unseal the documents filed by the Relators in this case.

### B.    Harm to the Government

On June 20, 2008, Assistant United States Attorney Laurie J. Weinstein wrote to the Clerk of Court requesting that the "all materials other than the complaint and any amendments thereto be removed from the public record."  *See* Exhibit A, June 20, 2008 Letter from Laurie J. Weinstein to Nancy Mayer-Whittington ("Exh. A").  Ms. Weinstein's letter also instructed the Clerk that the Statement of Stephanie Schweizer and Nancy Vee, which became publicly available on the Court's PACER system, should have remained under seal.  *Id.*  Ms. Weinstein's letter did not articulate any reasons *why* documents in this case should remain under seal.

Ostensibly, documents under seal could relate to ongoing government investigations.  However, the Defendants do not seek to unseal the record with regard to the Government's filings, only the Relators', therefore the Government's interests would not be harmed if the Court were to grant this motion.

C.    **Harm to the Relators**

There is no apparent harm that would befall the Relators were the Court to unseal the documents the Relators filed in this case.  Initially, the Relators' identities remained confidential while the Government investigated this matter and the Complaint remained under seal.  Once the Court ordered the Complaint to be unsealed and served on June 2, 2008, the Relators' identities became a matter of public record.  Further, neither Relator is currently employed by any Océ company. Otherwise, the materials that remain under seal, particularly the various exhibits that support the Complaint and the Relators' Statement, consist of factual materials that the Relators must eventually disclose in open Court to support their case.  Thus, the Relators can have no apparent interest in maintaining the seal in this case, beyond the fact that maintaining the seal hampers the Defendants' ability to prepare their defense.

III.    **ARGUMENT**

A.    **The Facts of this Case Cannot Overcome the Presumption Against Sealed Records**

The United States Court of Appeals for the District of Columbia Circuit ("D.C. Circuit") "has long held that there is a 'strong presumption in favor of public access to judicial proceedings.'"  *In Re: Sealed Case*, No. 97-5001, 1997 U.S. App. LEXIS 28546, at *1-2 (D.C. Cir. Oct. 8, 1997) (quoting *Johnson v. Greater Southeast Comm'y Hosp. Corp.*, 951 F.2d 1268, 1277 (D.C. Cir. 1991)).  The factors courts consider to determine whether this presumption can be overcome include the following: (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.  *United States v.*

*Hubbard*, 650 F.2d 293, 317-22 (D.C. Cir. 1980); *Weaver v. Bratt*, 421 F. Supp. 2d 25, 43 (D.
D.C. 2006).

In *In re Sealed Case*, the D.C. Circuit considered a case in which the District Court
decided to maintain the seal in an FCA case.  No. 97-5001, 1997 U.S. App. LEXIS 28546, at *2
(D.C. Cir. Oct. 8, 1997).   In that case, the court applied the *Hubbard* factors to determine
whether the District Court's decision was correct.  *Id.*   The D.C. Circuit concluded that the
record contained insufficient information to determine whether the District Court had weighed
the *Hubbard* factors properly.  *Id.* at *2-3.   The D.C. Circuit stated that, if the District Court
continued to believe that the record should remain sealed after applying the *Hubbard* factors,
then it must "articulate its reasons for that determination."  *Id.* at *3.   Thus, the D.C. Circuit has
instructed that, in the FCA context, the *Hubbard* factors impose an exacting standard for the
findings the District Court must make to overcome the presumption against maintaining the seal
in FCA actions.

In the present case, the six *Hubbard* factors militate in favor of unsealing the documents
filed by the Relators.

First, although it is not clear that there is any specific public interest in this case, the
presumption against sealing establishes a general presumption in favor of public and transparent
court proceedings.  *See Weaver*, 421 F. Supp. 2d at 43 ("This Court has recognized a strong
presumption in favor of public access to judicial proceedings.").   Therefore, the first *Hubbard*
factor militates in favor of unsealing this case.

Second, the extent of previous public access to the documents at issue does not militate in
favor of or against unsealing the record in this case.  However, to the extent that the Exhibits in

question consist of otherwise publicly-available materials or information, this factor militates in favor of unsealing the record.

Third, the Relators oppose this Motion, but, to date, have not articulated any reason to maintain the seal with respect to the Relators' filings. The Relators have an interest in maintaining the seal, as it keeps the Defendants at a strategic disadvantage in the litigation, but this is not a legitimate reason for maintaining the seal. Thus, the fact that Relators oppose lifting the seal in this case does not militate against lifting the seal, because their opposition is unsupported.

Fourth, no property or privacy interests have been asserted. Therefore, this *Hubbard* factor does not militate in favor of maintaining the seal.

Fifth, the possibility of prejudice to those opposing disclosure is nonexistent as explained in the preceding paragraphs. The Relators' identities are known. Accordingly, the fifth *Hubbard* factor does not militate in favor of maintaining the seal.

Sixth, the documents that remain under seal were introduced for the purpose of prosecuting a case against the Defendants. Therefore, this factor militates in favor of lifting the seal because without access to these documents, the Defendants cannot adequately prepare a defense in this case. For example, the lone support for allegations of the Complaint concerning violations of the price reductions clause are tables compiled by Relator Nancy Vee based on information she took from the Defendants' files. Without access to these compilations, the Defendants cannot determine whether these compilations are accurate or whether Relators' reliance on them is misplaced as a matter of law.[1] Similarly, several of the Exhibits appear to be

---

[1] Specifically, Defendants should be afforded the opportunity to refute specific allegations. For example, paragraph 41 of the Amended Complaint cites to lines 1-4 of Exhibit 1 as an example of the Defendant's violation of the price reductions clause. However, the transactions cited are with public sector customers – not Defendants' "tracking

Continued on following page

published articles.    To the extent that the Relators' allegations rely on publicly-available materials, retaining the seal would not be warranted as a threshold matter.    Possibly more importantly, the reliance on publicly available information would suggest that the Relators' may not be "original sources" with standing to bring False Claims Act claims.  *See Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 127 S. Ct. 1397, 1407-11 (2007) (setting forth analysis of the definition of "original source" under the FCA).    The Defendants cannot assess the availability of the "original source" defense without access to these Exhibits.    Thus, the sixth *Hubbard* factor militates in favor of lifting the seal in this case.

The False Claims Act allows relators to file complaints *ex parte* under seal, and the lawsuit remains unknown to defendants for a period of 60 days.  31 U.S.C. § 3730(b)(2).    The Government may investigate the case during this 60-day period to determine whether it will intervene.  31 U.S.C. § 3730(b)(2) – (b)(4).  The Government may move for extensions of this period on an *ex parte* basis, and the FCA allows for enlargements of the 60-day period if the Government establishes good cause for the enlargements.  31 U.S.C. § 3730(b)(3).    The FCA contemplates the lifting of the seal on the relator's complaint.  *Id.*  However, nowhere does the statute reference the unsealing of any other documents filed with the court.  *United States* ex rel. *Erickson v. Univ. of Washington Physicians*, 339 F. Supp. 2d 1124, 1126 (W.D. Wa. 2004). "The FCA, therefore, provides no explicit authority for a court to permit or deny disclosure of material filed *in camera* other than the complaint."  *Id.*

---

Continued from previous page

customer" for price reductions clause purposes – and are for "FMV" leases – arrangements not offered to the Government.    Defendants should be afforded the opportunity demonstrate the Relators' fundamental misunderstanding of the operation of the price reductions clause in general, and as applied to the contracts at issue specifically, to compose any Answer, to demonstrate a failure to state a claim, or to demonstrate that summary judgment would be warranted.

It appears that every court that has considered the issue of lifting the seal has determined that the FCA "necessarily invests the court with authority to either maintain the filings under seal, or to make them available to the parties." *Erickson*, 339 F. Supp. 2d at 1126 (collecting cases). To determine whether to grant a motion to unseal in an FCA action, these courts have "balanced the pragmatic need of the FCA defendants for the disclosure of the documents sought to be unsealed versus the potential harm caused by the disclosure to the government or the relators." *United States* ex rel. *Howard v. Lockheed Martin Corp.*, Case No. 1:99-CV-285, 2007 U.S. Dist. LEXIS 37289, at *6-7 (S.D. Ohio May 22, 2007); *United States* ex rel. *Mikes v. Straus*, 846 F. Supp. 21, 23 n.1 (S.D. N.Y. 1994).

Thus, in light of relevant precedent, the Court's analysis in resolving the current Motion to Unseal is two-fold. First, the Court should consider whether the docket in this case should remain under seal following D.C. Circuit precedent such as the *Hubbard* and *Weaver* cases cited above. Second, the Court should consider whether the docket should be unsealed under the weighing test employed other courts resolving motions to unseal in FCA cases. In the present case, under either standard, the relevant factors militate in favor of unsealing the entire record.

**B.      The Defendants' Need for the Sealed Documents Outweighs any Proffered Justification for Maintaining the Seal**

A number of courts that have considered motions to unseal in FCA actions have weighed defendants' need for the documents sought against the potential harm to the government or other parties that could be caused if the record was unsealed. *Mikes*, 846 F. Supp. at 23 n.1.

1.      Failure to Unseal the Record Would Prejudice the Defendants

As explained in the preceding section, access to documents the Relators filed that are currently under seal is essential for the Defendants not only to prepare their defenses, but simply to understand the allegations they face. The Defendants that are amenable to the Court's

- 10 -

jurisdiction have waived service in accordance with Federal Rule of Civil Procedure 4.  Thus, if

one accepts the Relators' position, the Defendants are expected to answer the Amended

Complaint without having access to materials filed in support of, and referred to within, the

Amended Complaint.  This is simply untenable, as the following case explains.

The United States District Court for the Western District of Kentucky has explained why

FCA defendants should have access to all factual materials filed by relators.  "Surely nothing

could be more vital to [a] Defendant than to be made completely aware of the allegations against

which it must defend.  The statement of material evidence is the best source for this information

and nothing can serve as its substitute."  *United States* ex rel. *Burns v. A.D. Roe Co.*, 904 F.

Supp. 592, 594 (W.D. Ky. 1995).

2.      Unsealing the Record Would Not Prejudice the Relators

In the cases found by the Defendants in preparing this Memorandum, the only harm to

FCA relators that has been cited as potential support for maintaining a seal is the disclosure of

the relators' identity.  *United States* ex rel. *Burns v. A.D. Roe Co.*, 904 F. Supp. 592, 594 (W.D.

Ky. 1995).  "Once the Relator's identity has been revealed, there is no justification for keeping

Defendant in the dark concerning his factual allegations."  *Id.*    In the present case, the Relators'

identities have been revealed.  Therefore, there is no potential harm on which the Relators' can

rely to support maintenance of the seal.  Moreover, neither Relator is currently employed by a

Defendant and, therefore, neither could possibly face workplace harassment as a result of

unsealing any portions of the record.

In the present case, the Defendants have a substantial "pragmatic need" for the disclosure

of documents that remain under seal: they need access to these documents to prepare their

defense.  On the other hand, neither the Government nor the Relators would incur harm were the

Court to grant this Motion.  Accordingly, under the balancing test adopted by other courts, the

weight of relevant factors militates in favor of unsealing the record.


Dated:  July 16, 2008                                    REED SMITH LLP


                                                         __/s/ Steven D. Tibbets_____
                                                         Kathleen H. McGuan, D.C. Bar. No. 358359
                                                         Steven D. Tibbets, D.C. Bar No. 495132
                                                         1301 K Street, N.W.
                                                         Suite 1100 – East Tower
                                                         Washington, D.C. 20005
                                                         Telephone:  (202) 414-9353
                                                         Email: kmcguan@reedsmith.com
                                                         Email: stibbets@reedsmith.com
                                                         Fax:  (202) 414-9299

                                                         *Counsel for Defendants Océ North America,*
                                                         *Océ Imagistics, and Océ-USA Holding, Inc.*

**CERTIFICATE OF SERVICE**

This is to certify that a true copy of the foregoing DEFENDANTS' MEMORANDUM IN

SUPPORT OF MOTION TO UNSEAL DOCUMENTS FILED BY THE RELATORS IN THIS

CASE was served by electronic mail via the Court's Electronic Case Filing System on July 16,

2008, on the following:

> Laurie Weinstein, Esq.
> United States Attorney
> 555 4th Street, N.W.
> Washington, D.C.  20001
>
> H. Vincent McKnight, Jr., Esq.
> ASHCRAFT & GEREL
> 2000 L Street, N.W.
> Suite 400
> Washington, D.C.  20036
>
> David W. Sanford, Esq.
> SANFORD, WITTELS & HEISLER, LLP
> 2121 K Street, N.W.
> Suite 700
> Washington, D.C.  20037

                                    __/s/ Steven D. Tibbets_____
                                    Steven D. Tibbets, D.C. Bar No. 495132