**Westlaw Delivery Summary Report for CHAHBAZI,MEENOO 6395529**

| | |
|---|---|
| Date/Time of Request: | Tuesday, July 29, 2008 11:45 Central |
| Client Identifier: | OCE |
| Database: | DCT |
| Citation Text: | Not Reported in F.Supp.2d |
| Lines: | 237 |
| Documents: | 1 |
| Images: | 0 |

The material accompanying this summary is subject to copyright. Usage is governed by contract with Thomson Reuters, West and their affiliates.

**Westlaw.**

Not Reported in F.Supp.2d                                                                                                    Page 1
Not Reported in F.Supp.2d, 2004 WL 868271 (E.D.Pa.)
**2004 WL 868271 (E.D.Pa.)**

U.S. ex rel. Hunt v. Merck-Medco Managed Care, LLC
E.D.Pa.,2004.
Only the Westlaw citation is currently available.
United States District Court,E.D. Pennsylvania.
UNITED STATES OF AMERICA ex rel. George Bradford Hunt, Walter W. Gauger, and Joseph Piacentile, Plaintiffs
v.
MERCK-MEDCO MANAGED CARE, LLC; Medco Health Solutions, Inc.; Merck-Medco RX Services of Florida, No. 2, LC, et al., Defendants
**No. 00-CV-737.**

April 21, 2004.

Christopher Iannicelli, David S. Stone, Boies Schiller & Flexner LLP, Short Hills, NJ, Mitchell R. Kreindler, Kreindler & Associates, P.C., Houston, TX, Nancy J. Glidden, West Chester, PA, Richard Drubel, Boies Scheller & Flexner, Hanover, NH, Sharon M. Gurak, Kreindler & Associates, P.C., Malvern, PA, Alison M. Duncan, Porter, Wright, Morris & Arthur, Washington, DC, Marc S. Raspanti, Michael A. Morse, Miller Alfano & Raspanti PC, Philadelphia, PA, Patrick H. Haggerty, Philip E. Kessler, Porter Wright Morris & Arthur, LLP, Dayton, OH, Benjamin James Stevenson, Michael Kelley, Tallahassee, FL, Patrick J. Keenan, Assistant Atty. General, Chicago, IL, Michael K. Bassham, Peter M. Coughlan, Nashville, TN, Brian Sandoval, L. Timothy Terry, Marie Martin-Kerr, State of Nevada Office of the Attorney General, Senior Deputy Attorney General, Carson City, NV, Betsy Whittey, Attorney General's Office, Assistant Attorney General, Christopher K. Barry-Smith, Attorney General Office, Assistant Attorney General, Consumer Prot & Antitrust Div. Public Protection Bureau, Boston, MA, Thomas Reilly, Office of the Attorney General, Attorney General of Massachusetts, Boston, MA, Gregory C. Fleming, Virginia office of Attorney General, Richmond, VA, Arthur J. Parker, Charlotte W. Parker, Sidney Rocke, Stuart I. Silverman, D.C. office of the Inspector General, Washington, DC, for Plaintiff.
Cathy Young Thomer, U.S. Attorney's office, Philadelphia, PA, David Todd Shapiro, Washington, DC, James G. Sheehan, U.S. Attorney'S Office, Philadelphia, PA, Mary Catherine Frye, United States Attorney's Office, Assistant U.S. Attorney, Patrick L. Meehan, U.S. Attorney Office, Sonya Fair Lawrence, United States Attorney's Office, Philadelphia, PA, for Intervenor Plaintiff.
Enu Mainigi, Williams & Connolly, Janet C. Fisher, Williams & Connolly LLP, William E. McDaniels, Williams and Connolly, Washington, DC, Michael J. Holston, Drinker Biddle & Reath LLP, Phila, PA, Nicholas M. Centrella, Conrad, O'Brien, Gellman and Rohn, P.C., Philadelphia, PA, Jack E. Fernandez, Zuckerman Spaeder LLP, Tampa, FL, Scott Godshall, List & List, Philadelphia, PA, Simon Gaugush, Zuckerman Spaeder LLP, Tampa, FL, for Defendant.

*MEMORANDUM AND ORDER*

SCUDERI, Magistrate J.
***1** Presently before the court is an Expedited Motion to Compel Production of Documents filed by Defendants, Merck-Medco Managed Care, LLC, *etal.* ("Medco Defendants"), seeking to compel the production of written disclosure statements provided to the United States Government by the relators in the instant case pursuant to the Federal False Claims Act, 31 U.S.C. § 3730(b)(2) ("Disclosure Statements").[FN1] The Relators, together with the United States Government (collectively, "Plaintiffs"), jointly oppose the motion. For the reasons set forth below, the motion is denied.[FN2]

> [FN1]. There are two (2) Disclosure Statements at issue-one (1) jointly submitted to the government by George Bradford Hunt and Walter W. Gauger, and a second submitted by Joseph Piacentile (collectively, "Relators").

FN2. This matter is before me pursuant to the governing Case Management Order signed by The Honorable Clarence C. Newcomer.

In their Expedited Motion, Medco Defendants seek to compel the production of the § 3730(b)(2) Disclosure Statements in full or, in the event that a viable privilege applies, they request that the court undertake an *incamera* review of the Disclosure Statements and require production of all non-privileged content.FN3 *See* Def.'s Br. at 3-7. Plaintiffs raise a number of arguments in opposition to the motion, including: (1) the plain language of 21 U.S.C. § 3730(b)(2) provides that the Disclosure Statements are provided only to the government, and are not filed with the court and not served upon defendants; (2) production of the Disclosure Statements would violate public policy insofar as it would discourage some relators from coming forward or revealing certain sensitive facts, which would undermine congressional intent in exposing and successfully prosecuting public fraud; (3) the Disclosure Statements are protected by the Work Product Doctrine; (4) the Disclosure Statements are protected by the Attorney-Client Privilege; and (5) the Disclosure Statements are protected by the Joint Prosecution Privilege (which is also known as the Common Interest Doctrine).*See* Pl.'s Br. at 11-22. The only thing the parties agree upon is that neither the Third Circuit, nor the Eastern District of Pennsylvania, has considered whether § 3730(b)(2) Disclosure Statements are discoverable. *See* Pl's Br. at 13; Def.'s Traverse at 2, n. 2. As a result, the parties marshal evidence from other federal jurisdictions-and often rely upon the same cases to reach opposite conclusions.

FN3.Section 3730(b)(2) provides that relators provide the government with a "copy of [their] complaint and written disclosure of substantially all material evidence and information" in their possession-and these Disclosure Statements are then used by the government to decide whether to join the relators in a given suit, allow the private party or parties to continue alone, or dismiss the suit. *See*31 U.S.C. § 3730(b)(2); *United States ex rel. Stone v. Rockwell International Corp.,* 144 F.R.D. 396, 398 (D.Col.1992).

In any event, the court finds that it is not necessary at this time to investigate whether the language of § 3730(b)(2) precludes discovery of the Disclosure Statements, whether production of the Disclosure Statements would undermine public policy, or whether the Attorney-Client Privilege and/or Joint Prosecution Privilege applies. Rather, the issue presently before the court can be decided by application of the Work Product Doctrine and, more importantly, Federal Rule of Civil Procedure 26(b)(3).

The Work Product Doctrine generally protects from discovery materials prepared by an attorney or his or her client in anticipation of litigation or for use at trial. *See**Hickman v. Taylor,* 329 U.S. 495, 510-511, 67 S.Ct. 385, 91 L.Ed. 451 (1947); *Sporck v. Peil,* 759 F.2d 312, 216 (3d Cir.), *cert.denied,*474 U.S. 903, 106 S.Ct. 232, 88 L.Ed.2d 230 (1985). However, there are two (2) generally accepted types of work product, to which different levels of protection attach. The first type of work product is *opinion* work product-that is, work product that includes an attorney's mental impressions, conclusions, opinions or legal theories-which is accorded an "almost absolute protection from discovery." *Sporck,* 759 at 316.The second type of work product is *factual* work product-that is, work product that merely contains the factual basis of a lawsuit, devoid of attorney opinion or mental impressions. Factual work product is entitled only to qualified immunity, such that it is discoverable *"only* upon a showing that the party seeking discovery has *substantial need* of the materials in preparation of the party's case *and* that the party is unable *without undue hardship* to obtain the substantial equivalent of the materials by other means."Fed.R.Civ.P. 26(b)(3) (emphasis added); *Sporck,* 759 F.2d at 316.

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

**\*2** Not surprisingly, Plaintiffs argue that the Disclosure Statements at issue constitute opinion work product or, in the very least, are factual work product with which the mental impressions, conclusions, opinions or legal theories of Relators' counsel are inextricably intertwined. *See* Pl.'s Br. at 17. Medco Defendants, to the contrary, argue that the Disclosure Statements contain merely a recitation of the factual bases for Relators' complaints; that they have a substantial need for the Disclosure Statements; and that they cannot obtain the substantial equivalent of the Disclosure Statements without undue hardship. *See* Def.'s Br. at 6-7; Def.'s Traverse at 1-2, 4-9. Thus, Medco Defendants seek to compel production of the Disclosure Statements in their entirety or, in the alternative, request that the court conduct an *incamera* review of the Disclosure Statements and order that all non-privileged material be disclosed.

As an initial matter, there is no question that the Disclosure Statements were prepared "in anticipation of litigation" insofar as they were drafted by Relators' attorneys *after* the drafting of Relators' complaints and, as previously explained, they were submitted to the government pursuant to the False Claims Act for the purpose of allowing the government to determine whether it should intervene in the case. *See* 31 U.S.C. § 3730(b); *seealso United States ex rel. O'Keefe v. McDonnell Douglas Corp.*, 918 F.Supp. 1338, 1346 (E.D.Mo.1996) (stating not necessary to determine whether Disclosure Statement constituted opinion or factual work product for purposes of the Work Product Doctrine because the plain language of the False Claims Act requires relator to prepare the document "in anticipation of litigation"). Because the Disclosure Statements were prepared in anticipation of litigation, they fall within the general protection of the Work Product Doctrine. *See* Fed.R.Civ.P. 26(b)(3); *Hickman,* 329 U.S. at 510-511; *Sporck,* 759 F.2d at 316. Therefore, even assuming that the Disclosure Statements constitute factual work product, as opposed to opinion work product, they can only be disclosed upon a showing by Medco Defendants that they have a substantial need for the Disclosure Statements, and that they cannot obtain the substantial equivalent of the Disclosure Statements without undue hardship. *See* Fed.R.Civ.P. 26(b)(3).

I conclude that Medco Defendants have not, at this time, satisfied the requirements set forth by Rule 26(b)(3). As an initial matter, the parties have engaged in significant discovery.[FN4] More importantly, trial is many months away and Medco Defendants are only beginning to depose the three (3) Relators who submitted the Disclosure Statements to the government in the first place. Therefore, the factual bases of the Relators' claims are already known, or should certainly become known as discovery proceeds; and to the extent that Plaintiffs' answers to Medco Defendants' discovery requests have proven unsatisfactory, Medco Defendants have ample opportunity over the course of the next several months to discover, with specificity, the facts and individuals most important to their case.[FN5]

> FN4. Plaintiffs claim that they have submitted "tens of thousands" of documents to Medco Defendants (*see* Pl.'s Br. at 18), while Medco Defendants counter that they have received only approximately 7,000 documents, and that these have proven unhelpful (*see* Def.'s Traverse at 9). What is clear, however, is that Medco Defendants have had at least some access to the factual information contained in the Disclosure Statements through four (4) years of investigation and through ongoing discovery after the case was un-sealed, including: attendance at all of the government's investigation interviews of Medco employees; access to all Civil Investigative Demand deposition transcripts; the identification of more than 4,000 individuals in Plaintiffs' Rule 26(a) initial discovery disclosures, including the names of individuals identified in the Disclosure Statements; and answers to more than 180 interrogatories.

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.

FN5. For example, Medco Defendants argue that they need the Disclosure Statements in order to determine whether the Relators were the original sources of the allegations contained in the complaint. *See* Pl.'s Br. at 6. However, this information can be easily explored by Medco Defendants during their upcoming depositions of the Relators.

***3** Moreover, courts which have compelled production of Disclosure Statements have largely done so under circumstances not present here. For example, in *Stone, supra,* the United States District Court for the District of Colorado conducted an *incamera* review of the Disclosure Statements and ordered that they be produced because, although the Work Product Doctrine applied, the court found that the moving party had demonstrated both a substantial need for the documents and that they could not obtain the substantial equivalent without undue hardship. *See* 144 F.R.D. at 401. Specifically, the court explained that the plaintiff had provided little in the way of discovery which would reveal the factual basis for the allegations in the relator's complaint, and that trial was only three (3) months away. *Id.* As previously explained, neither of these circumstances is present in the instant case and, perhaps most importantly, Medco Defendants have yet to depose the Relators. In such circumstances, compelling production of the Disclosure Statements would be premature, at best. *See, e.g., United States ex rel. Weber v. Hughes Aircraft Co.,* No. 89-6517 JGD, at 6-7 (C.D. Cal. April 23, 1992) (unpublished order) (denying motion for review of denial of motion to compel, finding that moving party did not have a substantial need to know additional information contained in Disclosure Statement, and could not demonstrate an inability to obtain the same information without undue hardship).

For all of the foregoing reasons, I conclude that Medco Defendants cannot establish a substantial need for the Disclosure Statements, nor can they demonstrate that they are unable to obtain the substantial equivalent of the Disclosure Statements without undue hardship. *See* Fed.R.Civ.P. 26(b)(3); *Sporck,* 759 F.2d at 316. Therefore, the court will not conduct an *incamera* review at this time, and will deny Defendants' Expedited Motion.

An appropriate Order follows.

*ORDER*

AND NOW, this day of April, 2004, after consideration of Defendants' Expedited Motion to Compel Production of Documents (No. 147), Plaintiffs' Joint Response (No. 150), and Defendants' Reply thereto (No. 153), it is hereby ORDERED that the Motion is DENIED.

E.D.Pa.,2004.
U.S. ex rel. Hunt v. Merck-Medco Managed Care, LLC
Not Reported in F.Supp.2d, 2004 WL 868271 (E.D.Pa.)

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. U.S. Govt. Works.