LEXSEE 1997 U.S. APP. LEXIS 28546



Analysis
As of: Jul 29, 2008

**In Re: Sealed Case**

**No. 97-5001**

**UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT**

*1997 U.S. App. LEXIS 28546*

**October 8, 1997, Filed**

**NOTICE:** **[\*1]** RULES OF THE DISTRICT OF COLUMBIA CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT.

**SUBSEQUENT HISTORY:** Reported in Table Case Format at: *1997 U.S. App. LEXIS 40310*.

**PRIOR HISTORY:** On Appeal from the United States District Court for the District of Columbia. (No. 94cv1260).

**DISPOSITION:** Case remanded.

**JUDGES:** Before: EDWARDS, Chief Judge; GINSBURG and TATEL, Circuit Judges.

**OPINION**

**ORDER**

James P. Rigoulot and Timothy M. Treschuk (the "Relators") brought this *qui tam* action against MKI Systems, Inc. on behalf of the United States pursuant to the False Claims Act, *31 U.S.C. §§ 3729-3733*. After the United States declined to intervene the district court ordered that the complaint be unsealed but ordered that the remainder of the record remain under seal. Subsequently, the district court dismissed the action upon consideration of a notice of voluntary dismissal submitted by the Relators. MKI, unaware that the complaint had been unsealed, requested that the district court unseal the entire record. The district court denied MKI's motion without explanation, and MKI appealed.

This court has long held that there is a "strong presumption in favor of public access to judicial proceedings." **[\*2]** *Johnson v. Greater Southeast Community Hosp. Corp., 293 U.S. App. D.C. 1, 951 F.2d 1268, 1277 (D.C. Cir. 1991)*; see also *EEOC v. National Children's Ctr., Inc., 321 U.S. App. D.C. 243, 98 F.3d 1406, 1409 (D.C. Cir. 1996)*. In *United States v. Hubbard, 208 U.S. App. D.C. 399, 650 F.2d 293, 317-22 (D.C. Cir. 1980)* we established six factors for a court to weigh in determining whether this presumption can be overcome. These factors are:

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which

the documents were introduced during the judicial proceedings.

*National Children's Ctr., 98 F.3d at 1409* (citing *Hubbard, 650 F.2d at 317-22*). In order for this court to evaluate the district court's exercise of its discretion to maintain the seal upon the record, the district court must articulate its reasons for denying MKI's motion. *See 98 F.3d at 1410*. Because **[*3]** the district court in this case made no findings when it denied MKI's motion to unseal the record, it is hereby

ORDERED that the case be remanded to the district court. Upon remand the district court should apply the *Hubbard* factors, and if the court determines that the record or any portion of the record should remain under seal, then it should articulate its reasons for that determination.

The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. *See D.C. Cir. Rule 41*.

*Per Curiam*