**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES *ex rel.* SCHWEIZER, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Civil Action No: 1:06-CV-00648 Judge Royce C. Lamberth |
| OCÉ NORTH AMERICA, *et al.*, | ) ) ) | |
| Defendants. | ) ) ) | |

**DEFENDANTS OCÉ NORTH AMERICA, OCÉ IMAGISTICS,
AND OCÉ-USA HOLDINGS, INC.'S REPLY TO RELATORS' JULY 29, 2008
MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO UNSEAL**

Defendants Océ North America, Océ Imagistics, and Océ-USA Holdings, Inc. ("Defendants" or "Océ") by and through their undersigned counsel hereby reply to the Relators' July 29, 2008 Memorandum in Opposition ("Opposition") to Defendants' Motion to Unseal Documents Filed by the Relators in this Case of July 16, 2008 ("Motion to Unseal"). First, the Relators' Opposition is not timely and, therefore, the Defendants respectfully submit that the Court should treat the underlying Motion as conceded.[1]  Second, the Relators' Opposition lacks merit because it discusses cases that are neither germane to the Defendants' Motion to Unseal nor relevant to the Defendants' request to unseal the Relators' filings.

**I.   DEFENDANTS' MOTION TO UNSEAL IS MERITORIOUS**

As the Defendants explained in the underlying motion, the Court's analysis in resolving a motion to unseal in a case brought under the False Claims Act, 31 U.S.C. § 3729 *et seq.*

---

[1]   Local Civil Rule 7(b) requires opposing points and authorities to be filed within 11 days of a motion. In the present case, the Defendants' filed their Motion to Unseal on July 16, 2008, so the Relators' Opposition was due on July 28, 2008. Relators filed their Opposition on July 29, 2008. Therefore, the Court "may treat the motion as conceded."

- 1 -

("FCA"), is two-fold. First, the Court should consider whether the docket in this case should remain under seal following D.C. Circuit precedent in cases resolving motions to unseal such as *United States v. Hubbard*, 650 F.2d 293, 317-22 (D.C. Cir. 1980), and *Weaver v. Bratt*, 421 F. Supp. 2d 25, 43 (D. D.C. 2006). These cases instruct that courts should apply a six-factor test to determine whether records should remain sealed. As Defendants explained in their Motion to Unseal, each of these six factors militates in favor of unsealing all of the Relators' filings in this case.

Second, a number of courts from other circuits have considered motions to unseal in FCA cases. To determine whether to grant a motion to unseal in an FCA action, these courts have "balanced the pragmatic need of the FCA defendants for the disclosure of the documents sought to be unsealed versus the potential harm caused by the disclosure to the government or the relators." *United States* ex rel. *Howard v. Lockheed Martin Corp.*, Case No. 1:99-CV-285, 2007 U.S. Dist. LEXIS 37289, at *6-7 (S.D. Ohio May 22, 2007); *United States* ex rel. *Mikes v. Straus*, 846 F. Supp. 21, 23 n.1 (S.D. N.Y. 1994). Defendants explained in their Motion to Unseal why, under this balancing test, the relevant factors militate in favor of unsealing the record in the present case.

The Relators' Opposition neither addresses the two tests that Defendants presented, nor discusses any other legal standards governing motions to unseal.

## II.    RELATORS' OPPOSITION IS NOT RESPONSIVE TO THE UNDERLYING MATTER

The crux of the Relators' argument is that the Statement of Material Facts that they prepared and filed with the Court, as well as a number of exhibits they have filed in support of the Complaint and Amended Complaint, are "categorically privileged and [are] not discoverable . . . ." Opposition at 3. The Relators rely, however, on law governing the withholding of

privileged documents in the context of discovery, rather than law governing lifting a seal on documents filed in Court.

The primary case on which the Relators' rely is Miller v. Holzmann, 240 F.R.D. 20 (D. D.C. 2007). In *Miller*, the Court denied a motion to compel the production of "a series of supplemental disclosures to the government" that the relator prepared "to give them to his counsel to secure legal advice or legal services." *Id.* at 21.[2] In the present case, the documents at issue were actually filed with the Court in support of the Relator's Complaint and Amended Complaint and, therefore, are part of the Complaint. *See* Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."). Thus, *Miller* is distinct from the present case because the communications subject to privilege in *Miller* were confidential records in the parties' files, rather than parts of pleadings.

Each other case on which the Relators rely involves privileges asserted to resist production of documents in discovery – none of the cases cited by Relators involves the issue of unsealing sealed records. *See United States* ex rel. *Purcell v. MWI Corp.*, 238 F.R.D. 321, 322 (D. D.C. 2006); *United States* ex rel. *Yannacopoulos v. General Dynamics*, 235 F.R.D. 661, 662 (N.D. Ill. 2006); *United States* ex rel. *Pogue v. Diabetes Treatment Centers of Amer.*, No. 99-3298, 2004 U.S. Dist. LEXIS 18747, *3 (May 17, 2004); *United States* ex rel. *Merck-Medco Managed Care, LLC*, No. 00-CV-737, 2004 WL 868271, *1 (Apr. 21, 2004); *United States* ex rel. *Bagley v. TRW, Inc.*, 212 F.R.D. 554, 555 (C.D. Cal. 2003). Thus, because the cases on which the Relators' rely are legally and factually distinct from the issue in the underlying motion – whether to unseal documents filed in court – the Relators' arguments are unpersuasive.

---

[2] The decision notes that the documents in question are numbered "34, 35, 40, and 41." Although it is unclear to what catalog these numbers belong, review of the docket in *Miller* via the Court's PACER system reveals that the documents in question were not filed in court like the documents at issue in the present case.

- 4 -

### III.  CONCLUSION

For the reasons stated above, Defendants respectfully request that the Court grant their July 16, 2008 Motion to Unseal and lift the seal on all documents filed by the Relators in this case.

                              Respectfully submitted,

Dated:  August 4, 2008                  REED SMITH LLP

                              ___/s/ Steven D. Tibbets_____
                              Kathleen H. McGuan D.C. Bar No. 358359
                              Steven D. Tibbets, D.C. Bar No. 495132
                              1301 K Street, N.W.
                              Suite 1100 – East Tower
                              Washington, D.C. 20005
                              Telephone:  (202) 414-9353
                              Email: kmcguan@reedsmith.com
                              Email: stibbets@reedsmith.com
                              Fax:  (202) 414-9299

                              *Counsel for Defendants Océ North America, Océ Imagistics, and Océ-USA Holding, Inc.*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing DEFENDANTS' REPLY TO RELATORS' OPPOSITION TO DEFENDANTS' MOTION TO UNSEAL was served by electronic mail via the Court's Electronic Case Filing System on August 4, 2008, on the following:

>Meredith L. Burrell
>U.S. Department of Justice
>Commercial Litigation Brach
>601 D Street, N.W.
>Room 9538
>Washington, D.C. 20004
>
>Laurie Weinstein, Esq.
>United States Attorney
>555 4th Street, N.W.
>Washington, D.C. 20001
>
>H. Vincent McKnight, Jr., Esq.
>ASHCRAFT & GEREL
>2000 L Street, N.W.
>Suite 400
>Washington, D.C. 20036
>
>David W. Sanford, Esq.
>SANFORD, WITTELS & HEISLER, LLP
>2121 K Street, N.W.
>Suite 700
>Washington, D.C. 20037

 \_\_/s/ Steven D. Tibbets_____
 Steven D. Tibbets, D.C. Bar No. 49512