

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THE UNITED STATES OF AMERICA, §
ex rel. Stephanie Schweizer et al., §
       Plaintiff, §
        §
v. §   Civil Action No. 06-648 (RCL)
        §
OCÉ N.V. et al., §
       Defendants. §

## MEMORANDUM OPINION

Before the Court is the motion of the United States [63] to dismiss Counts I and II of this action and relator Stephanie Schweizer's opposition to the proposed settlement and motion to dismiss [78]. Upon consideration of the motion, the opposition, the arguments of counsel, and the entire record herein, it is hereby ORDERED that the United States' motion to dismiss is GRANTED for the reasons set forth in this memorandum opinion. A separate order shall issue today.

I. Background

In April 2006, Stephanie Schweizer, a contracting employee, of Océ N.V.'s North American subsidiary filed this qui tam lawsuit alleging that Océ N.V. and related entities had violated the False Claims Act by knowingly selling non-compliant products to the federal government in contravention of the Trade Agreements Act and by breaching its contract with the government guaranteeing governmental purchasers a price equal to or less than the price paid for the same products by non-governmental purchasers. Later that year, Ms. Schweizer and

Nancy Vee, another Océ employee, filed an amended complaint adding Ms. Vee as a plaintiff. Initially, the United States declined to intervene in the suit. [Amd. Compl., Dkt. 22]. Although it had not formally intervened, eventually the United States, the relators and Océ began settlement discussions. Both Ms. Vee and the United States reached a settlement agreement with Océ, but Ms. Schweizer was unable to agree to the terms of the settlement. Broadly speaking, the settlement provides that Océ will pay the United States 1.2 million dollars plus interest from the date of settlement, of which nineteen percent will be paid to Ms. Schweizer and Ms. Vee for their share as relators. How that amount is to be split between them is left to the discretion of this Court. In exchange, the United States has agreed to release Océ, and a number of affiliated entities and persons, from any civil or administrative monetary claim for the conduct at issue in the suit arising out of the False Claims Act,[1] the Truth in Negotiations Act,[2] the Program Fraud Civil Remedies Act,[3] the Contracts Dispute Act,[4] or any common law theory of breach of contract, payment by mistake, unjust enrichment, or fraud. Ms. Vee has also agreed to dismiss any civil monetary claim the United States might have arising out of Count I and II of the complaint under the False Claims Act. Count III of the complaint, which is for retaliatory discharge, is unaffected by the settlement.

---

[1] 31 U.S.C. §§ 3729–3733.
[2] 10 U.S.C. § 2306a; 41 U.S.C. § 254b.
[3] 31 U.S.C. §§ 3801–3812.
[4] 41 U.S.C. § 601 et seq.

After the settlement negotiations the United States formally intervened and moved to dismiss the case [63, 64]. Ms. Schweizer objects to the United States' motion to dismiss and asks this Court not to approve the settlement. [78].

## II. Discussion

The United States has moved to dismiss this action under Federal Rule of Civil Procedure 41(a) with respect to its claims and those of Ms. Vee as outlined by the settlement agreement. The United States has also moved to dismiss Counts I and II of the complaint with prejudice as to Ms. Schweizer, over her objection.

The False Claims Act provides that the government may settle a qui tam action notwithstanding the objections of the relator if the Court determines, after a hearing, that the proposed settlement is "fair, adequate, and reasonable under all the circumstances." 31 U.S.C. § 3730(c)(2)(B). To be effected, the settlement requires that Count I and II of the complaint be dismissed. Similar to the government's ability to settle over the objections of the relator, the government may also dismiss a qui tam suit over the relator's objection as long as the relator has been notified of the motion to dismiss and given an opportunity to be heard on the motion. *Id.* § 3730(c)(2)(A).

The Court of Appeals has held that the government has "an unfettered right to dismiss" a qui tam suit, which means that after ensuring that section 3730(c)(2)(A)'s requirements have been met, a court has no role to play other than summarily granting the government's motion. *Hoyte v. American Nat'l Red Cross*, 518 F.3d 61, 65 (D.C. Cir. 2008) (quoting *Swift v. United States*, 318 F.3d

3

250, 252 (D.C. Cir. 2003)). This is because the statute itself refers to the government's ability to dismiss the action (without mention of requiring leave of court), *Swift*, 318 F.3d at 252, as well as the government's nearly absolute discretion under the Take Care Clause to bring suit in its name, *id.* at 253 (quoting *Heckley v. Chaney*, 470 U.S. 821, 831 (1985)). Indeed, in a similar context the Court of Appeals noted that "[f]ew subjects are less adapted to judicial review than the exercise by the Executive of his discretion in deciding when and whether to institute criminal proceedings, or what precise charge shall be brought or whether to dismiss a proceeding once brought." *Newman v. United States*, 382 F.2d 479, 480 (D.C. Cir. 1967) (Burger, J.). Likewise the Court of Appeals' decision in *Hoyte* places the government's decision to dismiss a qui tam action beyond judicial review. 518 F.3d at 65.

The Court of Appeals' interpretation of the government's ability to dismiss a qui tam suit—and it is undoubtedly the correct one—is somewhat at odds with the statute's provision for court approval of settlement. In light of *Swift* and *Hoyte*, the United States argues that the proper course is for this Court to dismiss the suit without passing on the question of the settlement's fairness, adequacy and reasonableness. Yet the language of section 3730(c)(2)(B) envisions an active role for the Court in approving settlement. Unlike section 3730(c)(2)(A), which says that "[t]he Government may dismiss the action," section 3730(c)(2)(B) conditions the government's settlement of an action on "the court determin[ing], after a hearing, whether the proposed settlement is fair, adequate, and reasonable under

all the circumstances." Whether that section of the statute can be reconciled with the Court of Appeals' interpretation of section 3730(c)(2)(A) and the Take Care Clause in *Hoyte* and *Swift* is uncertain. If the Government has what amounts to an unfettered right to dismiss a case based on the Take Care Clause, is it not implicit that they also have an unfettered right to settle a case? Indeed, it seems plausible that the United States could very easily circumvent a court's disapproval of a proposed settlement merely by moving to dismiss the suit afterwards and settling the case without the approval of the court or, as here, by structuring a proposed settlement's finality on the court's dismissal of a suit rather than approval of the settlement.

While it is incumbent upon this Court to avoid construing the statute so as to render part of it meaningless, *see Abourezk v. Reagan*, 785 F.2d 1043, 1054 (D.C. Cir. 1986), the law of this circuit has already effectively rendered 31 U.S.C. § 3730(c)(2)(B) a dead letter. Given the Executive's traditional prerogative to determine which cases will be brought in its name, and the constitutionally necessary attendant right to dismiss those cases brought in its name that it does not wish to pursue,[5] there is no doubt that section 3730(c)(2)(B) may be circumvented

---

[5] It is worth noting that government's right to dismiss certain cases is not absolute. For example, Federal Rule of Criminal Procedure 48 provides that the government may dismiss an indictment, information or complaint only with leave of court. FED. R. CRIM. P. 48(a). If the government moves for dismissal during trial it also needs to obtain the consent of the defendant as well as the court's. *Id.* The constitutionality of that rule has been upheld notwithstanding the implication of the Take Care Clause. *United States v. Cowan*, 524 F.2d 504, 512–13 (5th Cir. 1975). However, Rule 48's leave of court requirement can be distinguished from section 3730(c)(2)(A). Importantly, only the government may bring an indictment in the first instance, *see Cowan*, 524 F.2d at 153, whereas the government exercises no such control over the institution of qui tam suits. Indeed, were the government without an unfettered right to dismiss a qui tam

5

under the law of this Circuit. Accordingly, as the requirements of section 3730(c)(2)(A) have been met, and Ms. Schweizer has been unable to convince the United States to withdraw its motion to dismiss, the Court will grant the United States' motion to dismiss Counts I and II of the complaint with prejudice as to both the United States and the relators without passing on the fairness of the proposed settlement.

Even if this Court did not think its decision to overlook section 3730(c)(2)(B) were compelled by *Swift*, there is still a serious question as to whether or not section 3730(c)(2)(B) is constitutional at all. *See Riley v. St. Luke's Episcopal Hosp.*, 252 F.3d 763 & n.18 (5th Cir. 2001) (Smith, J., dissenting).

Although some courts have analogized section 3730(c)(2)(B) to other provisions of federal law that require court approval of a government "settlement," the Court thinks that those analogies are erroneous. *United States* ex rel. *Kelly v. Boeing Co.*, 9 F.3d 743, 754 & n.12 (9th Cir. 1993) (citing *United States* ex rel *Truong v. Northrop Corp.*, 728 F. Supp. 615, 622 (C.D. Cal. 1989) and *United States* ex rel. *Stillwell v. Hughes Helicopters, Inc.*, 714 F. Supp. 1084, 1093 (C.D. Cal. 1989)). For example, in *Boeing* the Ninth Circuit noted that a court must approve the entry of a guilty plea pursuant to a plea agreement, *see* FED. R. CRIM. P. 11, as well as approve the entry of a consent judgment in an antitrust case, 15 U.S.C. § 16. While these instances are similar to the Court approving a proposed

---

suit, it might be the case that the qui tam statute would be unconstitutional. *See Riley v. St. Luke's Episcopal Hosp.*, 252 F.3d 749, 753–54 (5th Cir. 2001) (en banc).

settlement under section 3730(c)(2)(B), they are different in one important regard. In each of those instances the court's intervention is premised on what is traditionally a judicial function—entering judgment. Court approval of settlement, without entry of judgment, is not wholly unknown though. *See, e.g.*, FED. R. CIV. P. 23(e). But as the government is not generally a plaintiff in class action cases, separation of powers concerns are not generally implicated. However, they are here.

In this Court's review it has found only two cases that explicitly reviewed proposed qui tam settlements, and neither addressed the constitutionality of the statute. In *Gravitt v. General Electric*, the court rejected a proposed settlement without any discussion of whether section 3730(c)(2)(B) implicated constitutional concerns. 680 F. Supp. 1162 (S.D. Ohio 1988). Likewise, in *United States* ex rel. *Nudelman v. International Rehabilitation Associates*, the court accepted the government's proposed settlement without addressing constitutional concerns. Civ. Action No. 00-1837, 2006 WL 925035 (E.D. Pa. Apr. 4, 2006).

However, "[l]aw[s] that either accrete to a single Branch powers more appropriately diffused among separate Branches or that undermine the authority and independence of one or another coordinate Branch" violate the separation of powers doctrine. *Mistretta v. United States*, 488 U.S. 361, 382 (1989). At issue here is whether section 3730(c)(2)(B) undermines the authority or independence of the Executive Branch. The Court thinks that it does.

If the qui tam statute's is constitutionally valid because the Executive retains substantial control over those cases brought in its name, *cf. Swift*, 318 F.3d at 252, it seems clear that section § 3730(c)(2)(B) places the Judiciary in a position where it infringes on the Executive's ability to conduct litigation on behalf of the United States. This is an area that has been traditionally controlled by the Executive, and indeed is mandated by the Constitution itself. U.S. CONST. art. II, sec. 3 ("[The President] shall take Care that the Laws be faithfully executed . . . ."). Even were the Court to adopt an extremely deferential standard in reviewing settlements, this might impinge on the government's ability to settle a case. All this renders the section's constitutionality doubtful. Happily, were the Court required to pass on this question, such a decision would not render the rest of the statute constitutionally infirm. When a court invalidates part of a statute, it acts with the presumption that that section may be severed. *Bismullah v. Gates*, 551 F.3d 1068, 1071 (D.C. Cir. 2009) (quoting *Alaska Airlines, Inc. v. Brock*, 480 U.S. 678, 684 (1987)). In evaluating whether the section is severable a court must consider whether the other portions of the statute are: constitutionally valid; capable of functioning independently; and consistent with Congress's basic intent in enacting the statute. *Id.* (quoting *United States v. Booker*, 543 U.S. 220, 258–59 (2005)). Here there is no doubt that all those requirements have been satisfied and were it necessary section 3730(c)(2)(B) could be severed.

## III. Conclusion

For the foregoing reasons the United States' motion to dismiss shall be granted by a separate order issued today. The Court will retain jurisdiction however over the case so that those claims under 31 U.S.C. § 3730(h) may go forward and various matters related to the relators' division of their award and attorneys' fees can be resolved.

January 29, 2009

*/s/ Royce C. Lamberth*
ROYCE C. LAMBERTH
Chief Judge
United States District Court